HERSEY, Chief Judge.
Lydia m. Ryiz, pro se, appeals the dismissal of her complaint against First Bankers. The gravamen of her complaint is that the bank improperly turned over to the Internal Revenue Service, pursuant to a tax levy, the funds in a bank account in her daughter’s name.
Several subsidiary and collateral issues are raised, but we treat only the main issue here. The Internal Revenue Service issued a Notice of Levy against an account held at First Bankers, established by Lydia M. Ryiz for her daughter, Rebecca Marie Ryiz, under the Florida Uniform Transfers To Minors Act, chapter 710, Florida Statutes (1985). Lydia Ryiz, appellant here, demanded that First Bankers pay no monies to the Internal Revenue Service. First Bankers then filed an action in the Federal District Court (Southern District of Florida) in interpleader, disposition of which is not material to the issues on appeal.
Appellant brought an action in the Circuit Court in Broward County against First Bankers for honoring the Notice of Levy. First Bankers’ motion to dismiss the action for failure to state a cause of action and lack of subject matter jurisdiction was granted after a hearing.
Appellant then moved to vacate this order and filed an amended complaint naming as defendants the attorney for First Bankers and the trial judge who ruled upon the motion to dismiss. Both defendants filed motions to dismiss the amended complaint. This motion was heard and an order was entered dismissing appellant’s complaint with prejudice. Appellant appeals this order.
At the outset we acknowledge that it is difficult not to sympathize with an individual ensnarled in the coils of governmental bureaucracy. This seems particularly true when the taxpayer’s hard-earned money is at stake. In this case, however, appellant reacts in frustration against the wrong people.
First Bankers was served with a levy naming “Rebecca Marie Ryiz as nominee of Lydia Ryiz,” the taxpayer. The account was accurately described. The question is whether the bank had a duty to its depositor which transcended its legal obligation to comply with the levy. For various reasons we must conclude that it did not.
*1071 26 U.S.C. § 6331 provides for the remedy of levy by the Internal Revenue Service against delinquent taxpayers, and this provision has withstood constitutional challenge where there is adequate opportunity for post-seizure determination of rights.
The appropriate remedy for one who believes he has been wrongfully served with a Notice of Levy is to surrender the property and bring an action against the government. United States v. Weintraub, 613 F.2d 612 (6th Cir.1979), cert. denied, 447 U.S. 905, 100 S.Ct. 2987, 64 L.Ed.2d 854 (1980). The United States Tax Court, established by 26 U.S.C. § 7441, has jurisdiction over petitions for redeter-mination of liability for personal income taxes.
In United States v. National Bank of Commerce, 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985), the court ruled that a bank served with an Internal Revenue Service Notice Of Levy has only two defenses for failure to comply with the demand: a) that it is neither “in possession of” or “obligated with respect to” property or property rights belonging to a delinquent taxpayer, or b) that the taxpayer’s property is subject to a prior judicial attachment or execution.
26 U.S.C. § 6332(d) provides that any person in possession of property subject to levy who surrenders such property to the Internal Revenue Service is discharged from liability to the delinquent taxpayer.
Upon receipt of the Notice of Levy, the bank had no alternative except to comply, because the account was not subject to a prior judicial attachment or execution. The trial court’s dismissal of appellant’s original complaint for lack of subject matter jurisdiction was proper, since the action was incorrectly filed in the circuit court in Broward County, a court that is without jurisdiction to hear cases regarding disputed federal income tax liability. The dismissal of the original complaint for failure to state a cause of action against the bank was proper as well, because the federal statute protects the bank from liability to a delinquent taxpayer for complying with a Notice of Levy (26 U.S.C. § 6332(d)). Dismissal of appellant’s amended complaint was proper, as it also failed to state a cause of action.
We similarly find no legal basis for reversal in any of appellant’s additional points on appeal and we therefore affirm.
AFFIRMED.
GUNTHER, J. and RIVKIND, LEONARD, Associate Judge, concur.